[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to this court as a limited contested dissolution of marriage. The parties were married on June 3, 1967 in Milton, Massachusetts. The wife's maiden name was Dolan. The plaintiff has resided in the state of Connecticut for at least one CT Page 7815 year prior to the date that the complaint was brought. There is one minor child, Mary Kate Coleman born October 6, 1978. Before the beginning of the trial, the parties stipulated as to her custody and visitation and that is part of the record and is not addressed in this decision. Neither of the parties is receiving aid from the state of Connecticut.
The wife is age 50. She has a Bachelor of Arts Degree from Regis College. She has a Certificate for Special Education from Fairfield University. There were four children born of the marriage, only Mary Kate is a minor child. The wife is in generally good health except for the stress she has been under during the course of the last few years and her anemia which effects her nerves. The wife does not presently have a job. She worked at Eagle Hill School in Greenwich this summer and made $1,600.00 for six weeks work. This is the $123.00 per week that is shown on her financial affidavit. She is optimistic that she will have a job in the special education area, although she presently has no job. She has indicated that she will have a job of one kind or another come September
The husband, age 53, is a graduate of Boston College and has a M.B.A from the Amos Tuck School at Dartmouth College. He was with sears Roebuck and Company from 1966 through 1974. He was with Wilson, Haight and Welsch in Boston, an advertising agency from 1974 to 1977. He was then with N.W. Ayer Incorporated, managing clients' services for that company from 1977 to 1987. From 1987 to 1990 he worked in New England Development company working on shopping centers. From 1990 through the present he is a principal in his own consulting group. The husband is presently unemployed and has been unemployed since June 28, 1993 when he left Jenny Craig Weight Loss centers. Effectively, however, the husband has been looking for a job since August 28, 1989, working only with Haley Associates from September 24, 1990 through January 14, 1991 and Jenny Craig.
He has had an offer for employment from a firm in Saudi Arabia, which offer he rejected after the company changed the offer that they had made him, that he had accepted. He is candid and indicates his job prospects are bleak.
This marriage and its dissolution is the unhappy culmination of a relationship between two very nice people. It is clear to this court after listening to the testimony that the causes of the breakdown were deeply rooted in the financial problems. Although CT Page 7816 this marriage had its problems like many marriages had the finances not come to the forefront it is likely that this marriage would have made it. The finances substantially adversely affected the wife and she had great concerns about the financial problems. The husband she felt had the ability to tune off and tune out the problems and that created further problems in the marriage. The husband certainly has substantial earning capacity based on some of the tax returns that were filed that show in 1989 that the family had gross income in excess of $165,000. (See exhibit C).
The court has listened to the witnesses and reviewed all the exhibits in the case. In addition the court has taken in to consideration all the criteria set forth in 46b-81, the assignment of property and transfer of title statute; 46b-82, the alimony statute; 46b-84, the child support statute and 46b-215(b), the child support guidelines statute. In addition the court has reviewed all of the pleadings in the case and claims for relief as well as the arguments of the parties. The court has further reviewed 46b-62, the attorney's fees statute. Accordingly the court orders as follows:
1. The marriage is dissolved on the grounds of irretrievable breakdown. No fault is allocated to either of the parties.
2. The wife shall retain her fidelity fund in the approximate sum of $150,000 and her Shearson Lehman fund in the approximate sum of $25,000 as her sole and exclusive property. The court finds that the wife inherited this money and it has always been her sole and separate monies. In addition the wife is to keep as her sole and exclusive property, her I.R.A. account in the approximate sum of $8,300 as shown on her financial affidavit.
3. The parties shall contribute 1/2 of all the unreimbursed medical, dental and health care expenses for Mary Kate as long as she is under the age of 18.
4. The husband shall pay to the wife $1 per year periodic alimony. Said amount shall be payable until the death of the wife or the husband, the wife's remarriage, the wife's co-habitation under our statute or until March 29, 2005, which is the wife's 62nd birthday, which ever event first occurs. The husband shall monthly submit to the wife a sworn statement substantially conforming to practice book section 463 setting forth all of the income received by him during the month. The court specifically finds: CT Page 7817
a) That the alimony and child support orders are based on the fact that the husband is presently unemployed.
b) That the wife's average income during the last 13 weeks of employment is insufficient to meet her needs and the needs of Mary Kate Coleman.
c) Any upward change in the wife's income shall not in and of themselves bar a modification.
5. The Van automobile is transferred to the husband and the Tempo is transferred to the wife by agreement of the parties.
6. The husband shall carry for the benefit of the wife any life insurance that he may have as an incident of his employment for the benefit of the wife until the husband is no longer to pay the wife alimony.
7. The exemption for Mary Kate Coleman for 1993 and thereafter shall be the wife's.
8. The wife shall be responsible for all debts and liabilities shown on her financial affidavit dated August 17, 1993 and any other debts not disclosed that are her personal debts and shall hold the husband harmless therefrom.
9. The wife shall retain sole ownership of all the assets shown on her financial affidavit dated August 17, 1993 not addressed herein.
10. The husband shall be responsible for all debts and liabilities shown on his financial affidavit date August 13, 1993 and any other debts not disclosed that are his personal debts and shall hold the wife harmless therefrom.
11. The husband shall retain the sole ownership of the assets shown on his financial affidavit date August 13, 1993. In particular the net proceeds of the sale of the family home are to be his sole and exclusive property. The court has made this order concerning the net proceeds of the house since the wife has made no claim for them.
12. The husband shall be responsible for and hold the wife harmless from any federal or state income tax, deficiency penalty CT Page 7818 or interest which may be assessed as a result of any prior joint tax returns through and including calendar year 1992.
13. The husband shall be responsible for and hold the wife harmless from any federal or state capital gains taxes resulting from the sale of real estate at 9 Sherry Lane, Darien, CT or any other prior sale of real estate.
14. During the period of time the husband is required to pay alimony to the wife. He shall provide the wife with a copy of his federal and state income tax returns (with all schedules and W-2 and 1099 statements) simultaneous with the annual filings commencing with the 1993 tax returns. In addition the husband shall immediately notify the wife when he becomes employed both in writing and by phone. Said notice may be sent to the wife's attorney. He shall then forward to her copies of his first two pay stubs when they are received by him.
15. The court, in rendering this decision has taken into consideration that both of the parties are substantially underemployed at this point. The court contemplates that both the husband and wife will become employed and is leaving further orders for review under 46b-86.
16. All of the college loans shown on the husband's affidavit are assigned to him as his responsibility since he was the one that signed all the notes.
17. The court finds that it would be inequitable and inappropriate under all the circumstances to follow the guidelines. Accordingly the court deviates form the guidelines based on the assets received by the husband in the way of the net proceeds of the house. That is a substantial asset. Accordingly the court orders him to pay $400 per month child support payable on the first of the month beginning September 1, 1993.
18. The court finds that neither of the parties has the financial resources to pay the other's counsel fees. Accordingly no orders are made concerning attorney's fees.
19. The court in entering time limited alimony for the wife finds that it is a sound policy of a time limited alimony award to provide an incentive for the spouse receiving support to use due diligence in procuring training or skills necessary to obtain self-sufficiency. Another reason for time limited alimony is CT Page 7819 rehabilitative purposes which are carried out by this order. Another reason for time limited alimony is some future event that renders such support less necessary or unnecessary. The court finds that the wife needs some additional education but is in a position now to take a job and has requested durational alimony.
20. All other claims for relief not expressly addressed herein have been rejected by the court.
EDWARD R. KARAZIN, J.